UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTAWN SOUFFRANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-cv-1491-JES-JEH |
| | ) |
| OSF HEALTHCARE SYSTEM, | ) |
| | ) |
| Defendant. | ) |

# ORDER AND OPINION

This matter is now before the Court on Defendant's Motion for Summary Judgment. (D. 2). For the reasons set forth below, Defendant's Motion (D. 2) is DENIED.

### Background [1]

On October 4, 2017, Plaintiff filed this action against Defendant OSF Healthcare System (hereinafter "OSF") in the Circuit Court of the Tenth Judicial Circuit in Peoria, Illinois alleging a cause of action for gender discrimination, sexual harassment, hostile work environment, retaliation, and wrongful termination. On November 2, 2017, Defendants removed this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. This Court has original jurisdiction over this action through federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff asserts a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

On November 9, 2017, Defendant submitted a Motion to Dismiss. (D. 2) However, because Plaintiff submitted additional, conflicting evidence, this Court after review, informed the parties that it would treat Defendant's Motion (D. 2) and its accompanying replies (D. 7, 8, 14) as a motion for summary judgment on the issue of timeliness under Rule 56 of the Federal Rules

---

[1] Citations to the Docket in this case are shown as (D. #).

of Civil Procedure. *See* Fed. R. Civ. P. 12(d). OSF alleges that Plaintiff's charge was untimely, Plaintiff's exhibit does not make for a sufficient pleading, there are no authenticated documents to support Plaintiff's position, and that Plaintiff failed to sign his initial letter to the Equal Employment Opportunity Commission ("EEOC"). (D. 7, 8, 14). These were in reply to Plaintiff's most recent Response. (D. 12).

Plaintiff Antawn Souffrant (hereinafter "Souffrant") had his employment terminated on January 27, 2016 for the stated reason of failing to abide by OSF's standards of conduct. (D. 13, at p. 9). Souffrant sent a complaint to the EEOC via fax on November 21, 2016, in which he alleged OSF had discriminated against him based on his gender after he reported hostile work conditions to the OSF compliance office. (D. 13, at p. 3). The fax was received by the EEOC's Chicago District Office that same day and was timestamped "Nov 21 2016." (D. 13, at p. 3). This initial complaint was considered by the EEOC to be Souffrant's intake questionnaire and contained his type-written name in the signature box. Evidence that Souffrant's intake questionnaire was received and accepted by the EEOC is offered in their response to Souffrant, dated December 6, 2016. (D. 13, at p. 4). In it, the EEOC requested that Souffrant fill out EEOC Form 5, Charge of Discrimination, sign and date the charge form, and return it within 30 days. (D. 13, at p. 4). The EEOC response further states, "[b]ecause the document that you submitted to us constitutes a charge of employment discrimination, we have complied with the law and notified the employer that you filed a charge." (D. 13, at p. 4). Souffrant followed these instructions as the charge form was signed, dated, and returned to the EEOC on December 14, 2016. (D. 13, at p. 6). After receiving Souffrant's formal Charge of Discrimination form, the EEOC gave Souffrant a right-to-sue letter on December 28, 2016. The EEOC further provided

notice to Plaintiff in that same letter that they were closing this file due to the untimely nature of the charge but gave no further reasoning. (D. 13, at p. 7).

## Legal Standard

Summary judgment is appropriate where one party shows, through "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations … admissions, interrogatory answers, or other materials" that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A party seeking summary judgment has the "initial responsibility" to show that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 334 (1986). To do so, the movant must establish that the non-movant's evidence would not affect the suit's outcome under the governing law, given a reasonable jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Conversely, the non-movant does not have to "prove" or "establish" anything, but merely create a genuine issue as to the substantive areas of her claims. *Cecilio v. Allstate Inc.*, 908 F. Supp. 519, 528-29 (N.D. Ill. 1995). Courts in this Circuit apply the standard of Rule 56 "with added rigor in employment discrimination cases, where intent and credibility dominate." *Flenaugh v. Airborne Express, Inc.*, 2004 U.S. Dist. LEXIS 3155, 13 (N.D. Ill. 2004). Accordingly, it views "all facts and draws all reasonable inferences in the light most favorable to the non-moving party." *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 983 (7th Cir. 2001) (citing *Allen v. City of Chicago*, 351 F.3d 306, 311 (7th Cir. 2003)). A party will be successful in opposing summary judgment only if it presents "definite, competent evidence" to rebut the motion. *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000).

**Analysis**

**(A) EEOC Statute of Limitations and Filing Requirements**

There are several prerequisites for bringing a Title VII claim. "A Plaintiff must [first] file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC must issue a right-to-sue letter." *Conner v. Illinois Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005). EEOC regulations require a charge to be in writing and signed. 29 C.F.R. § 1601.09. Furthermore, Federal Rule of Civil Procedure 9(c) requires that a plaintiff plead "all conditions precedent have been performed or occurred." Conversely, the EEOC charge-filing requirement is not intended to erect "elaborate pleading requirements" or "let the form of the purported charge prevail over its substance." *Downes v. Volkswagen of America, Inc.*, 41 F.3d 1132, 1138 (7th Cir. 1994). "This Court is also bound to give substantial weight to the EEOC's interpretation of the statute that it administers." *Gilardi v. Schroeder*, 833 F.2d 1226, 1232 (7th Cir. 1987).

**(B) Plaintiff Meets Prerequisites to Bring Title VII Claim**

The Plaintiff must prove that he met certain requirements under Title VII of the Civil Rights Act of 1964. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). First, the Plaintiff must file a charge with the EEOC within 300 days from the date of the alleged discrimination. Souffrant's employment was terminated on January 27, 2016. (D. 13, at pp. 8-9). Souffrant submitted on November 21, 2016 – 299 days after the last discriminatory conduct occurred – a written complaint or "intake questionnaire" ("Exhibit B") to the EEOC via fax, sufficiently detailing how he was the victim of discriminatory conduct while employed at OSF. (D. 13, at p. 3). It was received by the EEOC Chicago District Office and timestamped to show that it had been received on November 21, 2016. (D. 13, at p. 3). The EEOC then proceeded to

treat Plaintiff's charge as active by sending a confirmation letter ("Exhibit C") to Plaintiff along with a formal charge of discrimination form ("Exhibit D") which Souffrant filled out and returned. (D. 13, at pp. 4-5). Specifically, the confirmation letter from the EEOC ("Exhibit C") to Souffrant, dated December 6, 2016, states: "Because the document that you submitted to us *constitutes a charge of employment discrimination*, we have complied with the law and notified the employer that you filed a charge." (D. 13, at p. 4) (emphasis added). The EEOC sent notice to Plaintiff on December 28, 2016 of his right to sue. (D. 13, at p. 7). In an apparent contradiction from the December 6, 2016 confirmation letter, that notice ("Exhibit E") informed Plaintiff that the EEOC was closing its file on his charge because "[y]our charge was not timely filed with EEOC, in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." (D. 13, at p. 7).

The EEOC's treatment of the claim is relevant in determining whether a statement constitutes a charge. In applying this principle, the 7th Circuit in *Philbin v. General Electric Capital Auto Lease Inc.* held that the EEOC's regulation allowing a "subsequent verification to relate back to the date of the initial filing must be upheld if it constitutes a reasonable interpretation of the statute." *Philbin v. General Electric Capital Auto Lease Inc.*, 929 F.2d 321, 324 (7th Cir. 1991). While the statute does require that a complainant verify a charge, the statute does not require that the verification take place prior to the expiration of the 300-day time period. *Id.* Thus, the EEOC's interpretation of the statute as allowing technical amendments to relate back to the date of filing is not unreasonable and evidence shows that Souffrant filed his complaint with the EEOC within the statute of limitations, and that it was—initially, at least— accepted by the EEOC as timely.

Defendant OSF disputes the authenticity of Plaintiff's intake questionnaire ("Exhibit B") because the document has not been authenticated. *See* Fed. R. Evid. 901, 902. OSF further points out that Plaintiff did not sign his intake questionnaire "while under oath and or affirmation" and therefore it cannot be accepted by the EEOC. *Houston v. Blockbuster Videos, Inc.*, 1997 U.S. Dist. LEXIS 2510, 12 (N.D. Ill. 1997). However, Plaintiff has come forward with evidence showing he submitted the questionnaire within the 300-day statute of limitations. Furthermore, the EEOC treated Souffrant's intake questionnaire as legitimate and timely as shown in their response, ("Exhibit C") which confirmed the charge and provided Plaintiff with further instructions ("Exhibit D"). Regarding the dispute of document authenticity, although Defendant insists that Plaintiff's letter was not authenticated, they have not come forward with any evidence to indicate that the document is anything other than what Plaintiff purports it to be. Fed. R. Civ. P. 56(e)(2) (failure to properly support or address a fact). The EEOC treated the document ("Exhibit B") as a charge. This inference is based on them time stamping the questionnaire upon receipt, as well as their follow up correspondence. If Defendant has further issues regarding the authenticity of the intake questionnaire or the apparent contradiction between the EEOC letters Plaintiff received, those matters can be addressed in the discovery stage.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment (D. 2) is DENIED.

Signed on this 25th day of July, 2018.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge
